**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02020-CMA-BNB

CECILIA JACKSON,

      Plaintiff,

vs.

KAISER FOUNDATION HEALTH PLAN OF COLORADO,

      Defendant.

.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon consideration of the parties' Motion for Entry of Stipulated Protective Order, and it appearing to the Court that sufficient cause exists under Fed.R.Civ.P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.   As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Defendant's current or former employees or the Plaintiff, and confidential and proprietary business information.

CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4.   CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

a.   attorneys actively working on this case;

b.   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.   the parties, and designated representatives for the entity defendant;

d.   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.   the Court and its employees ("Court Personnel");

f.   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.   deponents, witnesses, or potential witnesses; and

h.   other persons by written agreement of the parties.

5.   Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a

written acknowledgment stating that he or she has read this Protective

Order and agrees to be bound by its provisions.  All such

acknowledgments shall be retained by counsel and shall be subject to *in*

*camera* review by the Court if good cause for review is demonstrated by

opposing counsel.

6.  Documents are designated as CONFIDENTIAL by placing or

affixing on them (in a manner that will not interfere with their legibility)

the following or other appropriate notice: "CONFIDENTIAL."

7.  Whenever a deposition involves the disclosure of

CONFIDENTIAL information, the deposition or portions thereof shall be

designated as CONFIDENTIAL and shall be subject to the provisions of

this Protective Order.  Such designation shall be made on the record

during the deposition whenever possible, but a party may designate

portions of depositions as CONFIDENTIAL after transcription, provided

written notice of the designation is promptly given to all counsel of record

within thirty (30) days after notice by the court reporter of the completion

of the transcript.

8.  A party may object to the designation of particular

CONFIDENTIAL information by giving written notice to the party

designating the disputed information.  The written notice shall identify the

information to which the objection is made.  If the parties cannot resolve

the objection within ten (10) business days after the time the notice is

received, it shall be the obligation of the party designating the information

as CONFIDENTIAL to file an appropriate motion requesting that the

Court determine whether the disputed information should be subject to the

terms of this Protective Order.  If such a motion is timely filed, the

disputed information shall be treated as CONFIDENTIAL under the terms

of this Protective Order until the Court rules on the motion.  If the

designating party fails to file such a motion within the prescribed time, the

disputed information shall lose its designation as CONFIDENTIAL and

shall not thereafter be treated as CONFIDENTIAL in accordance with this

Protective Order.  In connection with a motion filed under this provision,

the party designating the information as CONFIDENTIAL shall bear the

burden of establishing that good cause exists for the disputed information

to be treated as CONFIDENTIAL.

9.   At the conclusion of this case, unless other arrangements are

agreed upon, each document and all copies thereof which have been

designated as CONFIDENTIAL shall be returned to the party that

designated it CONFIDENTIAL, or the parties may elect to destroy

CONFIDENTIAL documents.  Where the parties agree to destroy

CONFIDENTIAL documents, the destroying party shall provide all

parties with an affidavit confirming the destruction.

-5-

10. This Protective Order may be modified by the Court at any

time for good cause shown following notice to all parties and an

opportunity for them to be heard.

Dated January 6, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

So Stipulated:
*s/Charlotte N. Sweeney*

Charlotte N. Sweeney
Sweeney & Bechtold, LLC
650 S. Cherry St., Suite 610
Denver, CO 80246
Telephone: 303-865-3733
Fax: 303-865-3738
cnsweeney@sweeneybechtold.com

**ATTORNEYS FOR PLAINTIFF**

*s/Mark B. Wiletsky*
Mark B. Wiletsky
Holland & Hart LLP
1800 Broadway, Ste. 300
Boulder, CO 80302
Phone: (303) 473-2864
Fax: (303) 473-2720
mbwiletsky@hollandhart.com

Brian M. Mumaugh
Holland & Hart LLP
6380 South Fiddlers Green Circle, Ste. 500
Greenwood Village, CO  80111
Phone: (303) 290-1067
Fax: (303) 290-1606
bmumaugh@hollandhart.com

**ATTORNEYS FOR DEFENDANT**